**Application of Harvey R. KARLEN et al.**
**Patent Appeal No. 8987.**

United States Court of Customs
and Patent Appeals.
Aug. 9, 1973.

———◆———

Charles L. Rowe, Stanley C. Dalton, Chicago, Ill., Hofgren, Wegner, Allen, Stellman & McCord, Chicago, Ill., attorneys of record, for appellants.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents. Jere W. Sears, Washington, D. C., of counsel.

Before MARKEY, Chief Judge, RICH, BALDWIN and LANE, Judges, and ALMOND, Senior Judge.

BALDWIN, Judge.

This appeal is from the decision of the Patent Office Board of Appeals sustaining the rejection of claims 18–21 in appellants' application [1] on the basis of 35 U.S.C. § 103. Claims 1–17 have been allowed.

### The Invention

Appellants' invention relates to a one-piece spout and handle structure for use on a liquid container which may be a glass coffee server of the type commonly used in restaurants. Claim 20, read in conjunction with Figures 1 and 3 of the application, is illustrative of the claimed subject matter:

[A7674]

20. For use in a liquid serving device having a flask [11] provided with an upper tubular neck [13] defining an upper end [18] and a radially outwardly projecting shoulder means [19] spaced below said upper end, structure comprising: a one-piece spout and handle element [14] including an annular portion [22] arranged to mount about said upper neck end and having means defining a pouring spout surface [15], and a lower portion [23] arranged to mount about said neck below said shoulder means, and means defining a handle [17] unitarily integral therewith and comprising manually graspable means for carrying the liquid serving device;

---

1. Serial No. 737,405, filed June 17, 1968.

and means [both 39] for constricting said lower portion subjacent said should[er] means to mechanically interlock said spout and handle element to said neck.

Claim 18 is substantially similar to claim 20. Claims 19 and 21 add to claims 18 and 20 respectively, that the structure is "formed of molded plastic."

### The Prior Art

Serio[2] discloses a pouring top body for a fluid container as shown in Figures 1 and 1a, reproduced below:

FIG. 1a

FIG. 1

[A7677]

The one-piece body 30 comprises a band having upper and lower portions 37 and 38. Spout 41 is integrally formed with the band. The band is vertically split at the side opposite the spout and the edges of the split band overlap. The edges

2. Patent No. 3,114,484, issued December 17, 1963.

carry "ears" 33 and 34, which serve to clamp the band around the neck portion of the container 20. A gasket 25 is placed between the band and the container neck portion. A handle 65 is bolted between the ears to simultaneously clamp the band around the container. Serio describes the body as "generally * * * formed of a metallic substance such as aluminum which is light weight and yet quite sturdy."

Stenton[3] discloses a detachable handle assembly for a saucepan. The assembly includes a clamping band having a handle portion which is unitary with the band. Stenton's saucepan has a spout forming flange or lip portion which is contiguous with the rim of the pan, and is not connected to the handle assembly.

Smith[4] discloses a one-piece handle structure for a disposable pressurized gas bottle, the structure being of a molded plastic construction.

### The Rejection

The board sustained the rejection on the basis of the examiner's reasoning that it would have been obvious to make the clamping ears of Serio integral with a handle structure in view of Stenton. It further sustained the rejection of claims 19 and 21 for the reason that it considered that substitution of molded plastic for the metallic materials of Serio would have been obvious.

### Opinion

We agree with the reasoning of the examiner and the board. While appellants contend that Serio requires that the handle be separate from the spout, it is apparent that Serio did not advance any absolute requirement in that regard. The following paragraphs are representative of the pertinent Serio disclosure:

Many containers of heat-resistant material have been designed with integral pouring spouts formed in the upper rim portion at the open end of the container. In addition, many of these types of containers are provided with integral handle portions. It has been found that in every day usage, the upper edges of such containers are highly susceptible to damage particularly at the pouring spout portion which is often chipped or broken away either while washing the container or by accidentally striking the upper edge portion of the container against some external object. It is accordingly a principal purpose of the present invention to provide an arrangement which will minimize and in fact substantially eliminate this type of damage to the upper edge portion of these types of containers.

Additionally, when the handle portions are formed integral with the heat-resistant material which may typically be formed of ceramic or other heat-resistant materials such as "Pyrex" manufactured by the Corning Glass Works of Corning, New York, the handle portion itself often becomes chipped, thereby creating sharp, jagged edges which are liable to cut the hands of persons holding the container by the handle portion. The present invention also eliminates this hazard by providing a separable handle means formed of a light-weight material which is not susceptible to such chipping.

Read as a whole, we think the emphasis in Serio requires that both the spout and the handle should be separated from the container itself, not that they be separate from each other. Aside from the fact that in the only specific embodiment disclosed in Serio the spout portion is separate from the handle portion, we find no teaching or implication that they must or should be separate. The other portions of the Serio disclosure which are pointed to in appellants' brief and reply brief, when read in context, are not inconsistent with our view.

We find appellants' proposed interpretation of the Stenton and Smith refer-

---

3. British Patent No. 116,788, dated June 27, 1918.

4. Patent No. 3,191,819, issued June 29, 1965.

ences, like that of the Serio reference, to be unrealistically restrictive. We agree with the board that it would have been within the ordinary skill in the art to make Serio's spout-band structure integral in view of Stenton, and to make the whole assembly of molded plastic in view of Smith.

The decision of the board is affirmed.

Affirmed.